DAVID W. SCOFIELD - 4140
DAVID M. BERNSTEIN- 8301
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093
Telephone: (801) 322-2002
Facsimile: (801) 322-2003

Attorneys for Plaintiff

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

---

| | |
|---|---|
| **MICHAEL E. ANDERER**,<br><br>Plaintiff,<br><br>-vs-<br><br>**INAURA, INC.**; **PETER BOOKMAN**; **RODNEY A. RASMUSSEN**; **DAVID M. MOCK**; and **V3 SYSTEMS, INC.**,<br><br>Defendants. | **ATTORNEYS' PLANNING MEETING REPORT**<br><br>Case No.2:13-cv-00111-RJS-DBP<br><br>Honorable Robert J. Shelby<br>Honorable Dustin B. Pead |

**1. PRELIMINARY MATTERS:**

a. The nature of the claims and affirmative defenses is:

Claims: This action asserts complex claims of theft of trade secrets, fraud, securities fraud, breach of fiduciary duty, copyright infringement, wrongful distributions, conversion, usurpation of corporate opportunities and other torts and breaches of contract associated with the alleged looting of the corporate assets of Inaura, Inc., a closely held corporation, for the benefit of the defendants and to the injury of the plaintiff.

Defenses: The defenses to the action are equally complex and even more numerous than the

claims, ranging the gamut from equitable defenses, causation defenses, technical statutory and constitutional defenses, contract defenses, release, failure to mitigate and proportionate fault.

Counterclaims: Several complex counterclaims have been asserted against the plaintiff, including for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference, defamation, fraudulent inducement, and promissory estoppel related to plaintiff's actions with respect to Inaura, Inc. and other Defendants.

b. This case is _____not referred to a magistrate judge

__X__referred to magistrate judge Honorable Dustin B. Pead

__X___under 636(b)(1)(A) or

______under 636(b)(1)(B)

_____assigned to a magistrate judge under General Order 07-001 and

____ all parties consent to the assignment for all proceedings or

____ one or more parties request reassignment to a district judge.

c. Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on 10/02/2014 specify date at the office of plaintiff's counsel, Peters | Scofield, A Professional Corporation, 7430 Creek Road, Suite 303, Sandy, Utah 84093.

The following attended:

*David W. Scofield;*

counsel for *plaintiff Michael E. Anderer*

*Erik A. Olson;*

counsel for *defendant and counterclaim plaintiff Inaura, Inc.*

*Breanne D. Fors;*

counsel for *defendant and counterclaim plaintiff Rodney A. Rasmussen*

*and counterclaim plaintiff Paceline RB, LLC*

*Brennan H. Moss;*

counsel for *defendants David M. Mock and V3 Systems, Inc.*

d. The parties __X__ request / _____ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference has not been set.

e. The parties ______ have exchanged or _X__ will exchange by 10/24/2014 the initial disclosures required by Rule 26(a)(1).

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary* ***if the parties disagree***.[1]

a. Discovery is necessary on the following subjects: *Briefly describe the subject areas in which discovery will be needed.* All areas alleged in the pleadings, including, without limitation, the development history and ownership of the Inaura assets, the transfers of the assets, the misrepresentations and omissions made, scienter and all circumstantial evidence that supports the claims, defenses and counterclaims, the patterns of conduct alleged, the persons involved with and development of the intellectual property, the corporate and other business organizations and the agreements between and among

[1]Counsel for V3 Systems, Inc. and David M. Mock disagrees with the proposed schedule, agreed to by the signing counsel, and proposes as an alternative that trial be set in six months. No specific alternative dates were proposed and counsel has not authorized plaintiff's counsel to affix his electronic signature hereto.

parties and non-parties relating to the issues and any statements that were made by any party of or concerning any other party.

b. Discovery Phases.

*Discovery will be conducted in a fact phase followed by an expert witness phase.*

c. Designate the discovery methods to be used and the limitations to be imposed.

(1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions

Plaintiff(s) __20____

Defendant(s) __20___

Maximum no. hrs. per deposition _7____

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

Interrogatories __25_____

Admissions _unlimited______

Requests for production of documents __unlimited_____

(3) Other discovery methods *Specify any other methods that will be used and any limitations to which all parties agree.* All methods may be used as allowed by the rules and the Court.

d. Discovery of electronically stored information should be handled as follows: *A party need not provide discovery of electronically stored information from sources that the*

*party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery..*

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved..*

f. Last day to serve written discovery 09/28/2015. Last day to file standard motions to compel 11/13/2015

g. Close of fact discovery 11/02/2015

**3. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**

a. The cutoff dates for filing a motion to amend pleadings are: *specify date*

Plaintiff(s) 04/10/2015 Defendant(s) 05/20/2015

b. The cutoff dates for filing a motion to join additional parties are: *specify date*

Plaintiff(s)04/10/2015 Defendants(s) 05/20/2015

***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a))***.

**4. EXPERT REPORTS**

a. Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

All parties' initial expert reports _12/04/2015___

All parties' rebuttal reports 01/15/2016

**5. OTHER DEADLINES**

a. Expert Discovery cutoff: 02/19/2016

b. Deadline for filing dispositive[2] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 03/25/2016

c. Deadline for filing partial or complete motions to exclude expert testimony 03/25/2016

**6. ADR/SETTLEMENT:**

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a. The potential for resolution before trial is: _____ good __X___ fair _____ poor

b. This case should be referred to the court's alternative dispute resolution program for arbitration: _____ mediation: _____

c. The parties intend to engage in private alternative dispute resolution for arbitration______ mediation _______

d. The parties will re-evaluate the case for settlement/ADR resolution on: *specify date* 11/02/2015

[2] Dispositive motions, if granted, affect the final resolution of the case: nondispositive motions, if granted, affect the case but do not dispose of it.

**7. TRIAL AND PREPARATION FOR TRIAL:**

a. The parties should have _N/A____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

b. This case should be ready for trial by: *specify date* 07/11/2016

Specify type of trial: Jury__X____ Bench _____

c. The estimated length of the trial is: *specify days* _10_____

**DATED** this 3rd day of October, 2014.

**PETERS | SCOFIELD**
*A Professional Corporation*

/s/ David W. Scofield
DAVID W. SCOFIELD
Attorneys for Plaintiff Michael E. Anderer

**PARR BROWN GEE & LOVELESS**

/s/ Breanne D. Fors
BREANNE D. FORS
Attorney for Defendant and Counterclaim Plaintiff Rodney A. Rasmussen and Counterclaim Plaintiff Paceline RB, LLC
(Signed by filing attorney with permission of Defendant and Counterclaim Plaintiff Rodney A. Rasmussen and Counterclaim Plaintiff Paceline RB, LLC's attorney)

**OLSON LAW, P.C.**

/s/ Erik A. Olson
ERIK A. OLSON
Attorneys for Defendant and Counterclaim Plaintiff Inaura, Inc.
(Signed by filing attorney with permission of Defendant and Counterclaim Plaintiff Inaura, Inc.'s attorney)




## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court twenty-one days before the date of the Initial Pretrial Conference. A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov. If counsel meet, confer, and

(i) file a stipulated Attorney Planning Meeting Report and

(ii) email a draft scheduling order in word processing format by email to ipt@utd.uscourts.gov twenty-one days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as
Other Documents - Attorney Planning Meeting.

More information is available at http://www.utd.uscourts.gov/documents/ipt.html