Brennan H. Moss (10267)
**Pia Anderson Dorius Reynard & Moss**
222 S. Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
E-Mail: bmoss@padrm.com

*Attorneys for Defendant V3 Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL E. ANDERER, <br><br> Plaintiff, <br><br> v. <br><br> INAURA, INC., PETER BOOKMAN, V3, RODNEY A RASMUSSEN, DAVID M MOCK, DAVID G. TURCOTTE, and V3 SYSTEMS, INC. <br><br> Defendants. | **PROPOSED SCHEDULING ORDER** <br><br><br> Case No. 2:13-cv-00111-RJS-DBP <br><br> Judge Shelby <br> Magistrate Judge Pead |

**1.     PRELIMINARY MATTERS:**

a.     The nature of the claims and affirmative defenses is:

Claims: This action asserts claims of theft of trade secrets, fraud, securities fraud, breach of fiduciary duty, copyright infringement, wrongful distributions, conversion, usurpation of corporate opportunities and other torts and breaches of contract associated with the alleged looting of the corporate assets of Inaura, Inc., a closely held corporation, for the benefit of the

defendants and to the injury of the plaintiff.

Defenses: The defenses to the action are equally complex and even more numerous than the claims, ranging the gamut from equitable defenses, causation defenses, technical statutory and constitutional defenses, contract defenses, release, failure to mitigate and proportionate fault.

Counterclaims: Several complex counterclaims have been asserted against the plaintiff, including for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference, defamation, fraudulent inducement, and promissory estoppel related to plaintiff's actions with respect to Inaura, Inc. and other Defendants.

    b.    This case is    \_\_\_\_\_not referred to a magistrate judge

        X\_\_referred to magistrate judge Honorable Dustin B. Pead

        X\_\_\_under 636(b)(1)(A) or

        _____under 636(b)(1)(B)

        \_\_\_\_\_assigned to a magistrate judge under General Order 07-001

        and

        \_\_\_\_ all parties consent to the assignment for all proceedings or

        \_\_\_\_ one or more parties request reassignment to a district judge.

    c.    Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on 10/02/2014 via e-mail exchanges.

The following attended:

*David W. Scofield and David M. Bernstein;*

counsel for *plaintiff  Michael E. Anderer*

     *Erik A. Olson and Trevor C. Lang;*

      counsel for *defendant and counterclaim plaintiff Inaura, Inc.*

     *Jonathan O. Hafen and Breanne D. Fors;*

      counsel for *defendant and counterclaim plaintiff Rodney A.*

     *Rasmussen and counterclaim plaintiff Paceline RB, LLC*

     *Brennan H. Moss and John P. Mertens;*

      counsel for *defendants David M. Mock and V3 Systems, Inc.*

  d. The parties \_\_\_X\_\_ request / \_\_\_\_ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference has not been set.

  e. The parties \_\_\_\_\_ have exchanged or \_X\_\_ will exchange by 10/24/2014 the initial disclosures required by Rule 26(a)(1).

  f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.** **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary **if the parties disagree**.*

  a. Discovery is necessary on the following subjects: *Briefly describe the subject areas in which discovery will be needed.* All areas alleged in the pleadings, including, without limitation, the development history and ownership of the Inaura assets, the transfers of the assets,

the alleged misrepresentations and omissions made, scienter and all circumstantial evidence that supports the claims, defenses and counterclaims, the patterns of conduct alleged, the persons involved with and development of the intellectual property, the corporate and other business organizations and the agreements between and among parties and non-parties relating to the issues and any statements that were made by any party of or concerning any other party.

    b.    Discovery Phases.

*Discovery will be conducted in a fact phase followed by an expert witness phase.*

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions

    Plaintiff(s)  20

    Defendant(s)  20

    Maximum no. hrs. per deposition  7

        (2)    *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

Interrogatories  25

Admissions  unlimited

Requests for production of documents  unlimited

    (3)  Other discovery methods  *Specify any other methods that will be used and any limitations to which all parties agree.* All methods may be used as allowed by the rules and the Court.

 d. Discovery of electronically stored information should be handled as follows: *Discovery of electronically stored information should be handled per Federal Rule of Civil Procedure 34.*

 e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.*

 f. Last day to serve written discovery 12/02/2014. Last day to file standard motions to compel 01/19/2015

 g. Close of fact discovery 02/06/2015

**3. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**

 a. The cutoff dates for filing a motion to amend pleadings are:  *specify date*

        Plaintiff(s) N/A Defendant(s) 12/02/2014

b.    The cutoff dates for filing a motion to join additional parties are: *specify date*

        Plaintiff(s)N/A Defendants(s) 12/02/2014

        ***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a))***.

**4.    EXPERT REPORTS**

    *a.*    Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

        All parties' initial expert reports 01/09/2015

        All parties' rebuttal reports 02/13/2015

**5.    OTHER DEADLINES**

    a.    Expert Discovery cutoff: 03/13/2015

    b.    Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case.  02/13/2015

    c.    Deadline for filing partial or complete motions to exclude expert testimony

        02/13/2015

**6.    ADR/SETTLEMENT:**

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a.    The potential for resolution before trial is:  _____ good  _____ fair  ____X_ poor

b.    This case should be referred to the court's alternative dispute resolution program for

        arbitration: _____    mediation: _____

---

1    Dispositive motions, if granted, affect the final resolution of the case: nondispositive motions, if granted, affect the case but do not dispose of it.

  c. The parties intend to engage in private alternative dispute resolution for

   arbitration_____ mediation _____

  d. The parties will re-evaluate the case for settlement/ADR resolution on:

   *specify date* 02/13/2015

**7.** **TRIAL AND PREPARATION FOR TRIAL:**

  a. The parties should have \_N/A\_\_\_\_ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

  b. This case should be ready for trial by: *specify date* 07/11/2016

   Specify type of trial: Jury\_\_X\_\_\_\_ Bench

  c. The estimated length of the trial is: *specify days* \_10\_\_\_\_\_

**DATED** this 6th day of October, 2014.

        **PIA ANDERSON DORIUS REYNARD & MOSS**

        /s/ Brennan H. Moss
        BRENNAN H. MOSS
        Attorneys for Defendants David M. Mock and V3 Systems, Inc.